**In the Matter of Ralph J. COOLIDGE, Jr.**

**No. B75–4051A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 1, 1978.

Roy E. Barnes, Marietta, Ga., for debtor.

Benjamin C. Abney, Atlanta, Ga., for trustee.

## ORDER

RICHARD C. FREEMAN, District Judge.

These bankruptcy proceedings are presently before the court on the bankrupt's appeal from the order and judgment of the bankruptcy court entered May 4, 1978, granting summary judgment in favor of O.

---

C. Hubert on the nondischargeability of a debt under 11 U.S.C. § 35(a)(2) and (4). The debt in question is the judgment entered by this court on September 23, 1977, in favor of Mr. Hubert upon a finding that Mr. Coolidge had violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. 240.10b–5. The judgment of this court rested on a finding that Mr. Coolidge held the requisite "scienter" to establish a 10b–5 violation. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The bankrupt now contends that 10b–5 fraud and deceit is not the classic common law fraud rendered nondischargeable in bankruptcy. 11 U.S.C. § 35(a)(2).

█ The bankruptcy court's order and judgment should be AFFIRMED. Although the boundaries of the scienter requirement of *Ernst & Ernst v. Hochfelder, supra,* have not yet been precisely defined, the court found in this 10b–5 action that Mr. Coolidge, a fiduciary and the bankrupt herein, intended to deceive Mr. Hubert. Further, the court determined "that given defendant Coolidge's circumstances and the nature and character of the misrepresentations and omissions, defendant Coolidge's conduct amounted to a fraud and he acted with the requisite *scienter* of an intent to deceive and to defraud plaintiff Hubert." Order entered September 23, 1977, at 6, ¶ 18. In this instance, for purposes of discharge in bankruptcy, the 10b–5 violation and classic common law fraud cannot be parted. The debt represented by the final judgment in the civil action may not be discharged. 11 U.S.C. §§ 35(a)(2) and (4).

Accordingly, the court hereby AFFIRMS the order and judgment of the bankruptcy court entered May 4, 1978. The bankrupt's appeal is therefore DISMISSED.

IT IS SO ORDERED.

## APPENDIX

### ORDER AND JUDGMENT

*Findings of Fact*

#### I.

On January 31, 1974, Plaintiff, O. C. HUBERT, filed a suit in the United States District Court, Northern District of Georgia, Civil Action No. C74–156A, against Defendant, RALPH J. COOLIDGE, JR., *et al.,* alleging violation, *inter alia,* of the Securities Exchange Act of 1934 in that it was claimed that Defendant defrauded the Plaintiff by misrepresentation of material facts and omissions to disclose material facts in connection with the sale of stock of Dynamic Industries, Inc., to the Plaintiff, in violation of § 10(b) of the Act and of Rule 10b–5 of the Securities & Exchange Commission.

#### II.

On November 28, 1975, Defendant was adjudicated a bankrupt and was subsequently discharged on July 30, 1976.

#### III.

On January 27, 1976, Plaintiff filed in the instant bankruptcy case his Application (Complaint) to Determine That Debt Not Be Dischargeable, petitioning the Court for permission to proceed to trial on his claim of securities fraud in Civil Action No. C74–156A.

#### IV.

Plaintiff's petition came on for a hearing before this Court, which entered an Order on June 24, 1976, lifting all stays and temporary restraining orders applicable to said Plaintiff and permitting Plaintiff to proceed to trial on the securities fraud claim before the District Court. The purpose and intent of this Court's Order was for the District Court to determine the issues of liability and amount while this Court reserved jurisdiction on the issue of dischargeability should a judgment be rendered against the Defendant by the District Court.

#### V.

The securities fraud claim was tried before the Honorable Richard C. Freeman,

Judge, United States District Court, Northern District of Georgia, and on September 23, 1977 (amended January 17, 1978), Judge Freeman entered an Order finding that Defendant had deceived and defrauded Plaintiff with the requisite *scienter*, by misrepresentations of material facts as well as omission of material facts upon which he relied, to his injury, and directing the Clerk to enter judgment in favor of Plaintiff. The findings of fact and conclusions of law of Judge Freeman contained in his Order of September 23, 1977, as amended January 17, 1978, are incorporated herein by reference.

## VI.

Judgment was entered against Defendant on January 23, 1978, awarding O. C. HUBERT $36,400.00, with interest thereon at the rate of 7% per annum, plus costs of the main case in the amount of $334.29, and reasonable attorney's fees of $10,000.00. This judgment is incorporated herein by reference.

## VII.

The 30-day appeal period having run, Plaintiff moved to reopen the instant bankruptcy case and for summary judgment. On February 28, 1978, this Court reopened the case. The matter is now before this Court on Plaintiff's Motion for Summary Judgment.[1]

### Conclusions of Law

■ The opinion of the District Court in the securities fraud claim was premised on a finding by that Court that Defendant "had the requisite *scienter*, i. e., his misrepresentations through affirmation and omission were intended to deceive the Plaintiff

[Hubert] into purchasing the stock of a rapidly failing company." (paragraph 18 of Order). Moreover, the District Court concluded as a matter of law "that given defendant Coolidge's circumstances and the nature and character of the misrepresentations and omissions, defendant Coolidge's conduct amounted to a fraud, and he acted with the requisite *scienter* of an intent to deceive and to defraud plaintiff Hubert." (paragraph 18 of Order).

The District Court's decision was premised on an application of the rule in the case of *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), which eliminates negligent non-feasance as a basis for a securities fraud claim under § 10(b) of the Securities Exchange Act, and requires the element of *scienter*, defined by the Supreme Court as the "intent to deceive, manipulate, or defraud" (p. 193, 96 S.Ct. p. 1381), and further that the term "scienter" refers to a "mental state embracing intent to deceive, manipulate or defraud." (footnote 12). The District Court found that Coolidge's conduct did evidence the requisite *scienter* in that said conduct showed an "intent to deceive and to defraud plaintiff Hubert." (paragraph 18 of Order). These findings and conclusions are *res judicata* and conclusive so far as this Court is concerned.

Applying the District Court's findings and conclusions to the question of dischargeability before this Court, the pertinent portions of Section 17a of the Bankruptcy Act [11 U.S.C. 35(a)] state:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations . . . or (4) were created

---

1. Plaintiff in his Motion also urged as a ground to deny the dischargeability of his debt that it was not provable under § 63 of the Bankruptcy Act at the time of the filing of the petition in bankruptcy by Defendant. While this argument might otherwise be meritorious, this Court entered an Order dated June 24, 1976, after argument of counsel, *which was unappealed*, the effect of which was to allow the parties to complete the pending litigation be-

fore the District Court; and if a judgment was rendered for Plaintiff (which it was), this Court specifically reserved jurisdiction to determine the dischargeability of such judgment. Thus, by the Plaintiff's own action; this Court's Order of June 24, 1976; and the District Court's judgment; the question of the non-provability of Plaintiff's claim has been rendered moot since it is now a fixed liability under § 63a(1) (11 U.S.C. § 103(a)(1)) of the Bankruptcy Act.

by his fraud . . . while acting as an officer or in any fiduciary capacity . .."

The District Court found that Defendant "was, at all times relevant . . . an organizer, largest single shareholder, Chairman of the Board of Directors, President and Chief Executive Officer of Dynamic Industries, Inc." (paragraph 2 of Order), the issuer whose securities Plaintiff was induced to buy. It found that "Defendant Coolidge had the requisite *scienter*, i. e., his misrepresentations through affirmation and omission were intended to deceive plaintiff [Hubert] into purchasing the stock of a rapidly failing company" (paragraph 18 of Order).

It is therefore the Court's conclusion that the conduct of Defendant which gave rise to his liabilities under § 10(b) of the Securities Exchange Act also constituted "liabilities for obtaining money or property by false pretenses or false representations" within the meaning of § 17a(2) of the Bankruptcy Act. Moreover, since Defendant was a director and an officer of Dynamic Industries, Inc., his liabilities to Plaintiff "were created by his [Coolidge's] fraud . . while acting as an officer or in any fiduciary capacity . . . ." within the meaning of § 17a(4) of the Bankruptcy Act. This Court concludes, therefore, that the liabilities of Defendant, RALPH J. COOLIDGE, JR., determined by the District Court were not discharged and are not dischargeable under the Bankruptcy Act.

There being no issues as to any material facts presented in these proceedings, this Court concludes that the Plaintiff, O. C. HUBERT, is entitled to summary judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment is herewith GRANTED; and the judgment of the Plaintiff against the Defendant entered in Civil Action No. C74–156A is hereby declared to be non-dischargeable in bankruptcy.

IT IS SO ORDERED.